FILED
US DISTRICT COURT
DISTRICT OF ALASKA
2005 DEC -1 PM 4: 12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

C.S. by and through
his parent, J.S. and R.S.,
        Plaintiffs,

v.

Anchorage School District,
        Defendant.

Civil Action No. A05-0275CV(JWS)

Amended Complaint and Fees Petition

### Introduction

1. This is a complaint and fees petition by a student with disabilities filed pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et seq., ("IDEA") following successful exhaustion of administrative remedies under that act.

### Jurisdiction

2. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1415, and specifically §1415(i)(3)(A), and §1391.

### Venue

3. Venue is proper within the Court pursuant to L.R. 3.3.

### Parties

4. C.S. is a minor child with disabilities entitled to all of the procedural rights and protections of the IDEA. J.S. and R.S. are the parents of C.S.

5. Anchorage School District (ASD) is the local educational agency pursuant to the IDEA responsible to ensure that C.S. is provided a free appropriate public education pursuant to the IDEA.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

## FACTS

6. J.S. and R.S. filed a complaint with the Department of Education and Early Development ("DEED") alleging that ASD was violating C.S.'s rights under the IDEA. This administrative complaint is known as Complaint No. 04-03.

7. In Complaint No. 04-03, J.S. and R.S. alleged that ASD had failed to provide certain educational services to C.S. DEED ruled in favor of C.S. and issued a Corrective Action Order on November 23, 2003 finding violations of 34 C.F.R. 300.13 and 34 CFR 300.342(a). **Ex. A**. The Corrective Action Order ordered ASD to provide C.S. with "compensatory" special education and related services, to develop special procedures to address the education needs of known Individual Education Plan ("IEP") students once they are accepted in a district alternative and/or charter school and to ensure that IEPs and appropriately trained staff are in place when school begins.

8. Following the issuance of the Corrective Action Order, J.S. and R.S. contacted the ASD on numerous occasions to require compliance with the Corrective Action Orders.

9. When ASD continued to fail to comply with the Corrective Action Order, J.S. contacted DEED seeking assistance. DEED advised J.S. to request a special education due process hearing pursuant to the IDEA and state law to enforce the Corrective Action Order.

10. The Disability Law Center ("DLC") assumed representation following J.S.'s inability to enforce DEED Corrective Action Order No. 04-03 by self-advocacy and through contacting DEED.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002       Fax 907-565-1000
1-800-478-1234

11. On September 30, 2004, on behalf of N.S. and C.S., DLC filed a request for a special education due process hearing concerning C.S. The hearing was filed jointly with C.S.'s brother, N.S., also a student with a disability.[1] The matters were separated after an early prehearing conference.

12. Following preliminary matters, a special education due process hearing was held on May 17, 18 and 26, 2005 before Independent Hearing Officer, Linda M. Cerro. This is known as DEED Hearing No. 05-13. Following three efficient days of hearing, testimony of both parties, receipt of documentary evidence and post-hearing briefing, IHO Cerro ruled on June 28, 2005, substantially in favor of C.S. and his parents. **Ex. B**. IHO Cerro found that ASD had failed to comply with the Corrective Action orders and awarded C.S. additional remedies as a result. Specifically, the IHO ordered ASD to provide the following relief to C.S.:

    1) Revise its "Lottery School Admission Procedures for Special Education Students" to instruct that staff examine student information prior to the first day of school and that timely meetings with families are scheduled to reflect the education environment of the alternative or charter school;

    2) Conduct academic testing of the Student to determine his present level of academic performance;

    3) Conduct a behavioral assessment and develop a Behavior Support

---

[1] A fees petition for DLC's work in the N.S. matter is pending also, Civil A05-0177CV (JKS).

Amended Complaint and Fees Petition      Page 3 of 7
C.S. v. Anchorage School District

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

Plan in consultation with the family's chosen social worker, Richard Kurtz, with ASD paying for up to three hours of Mr. Kurtz's time and ensure the resulting Behavior Support Plan is part of Student's IEP;

4) An IEP team to be convened at the earliest possible time to ensure an appropriate IEP is in place on the first day of school, with all involved teachers and personnel having been provided Student's IEP and instructed in all aspects of student's disabilities, behaviors and learning methods;

5) IEP team will consider all suggested placements for Student;

6) IEP team will engage in transition planning services for Student and will include appropriate transition services in student's IEP;

7) Student shall receive extended school year services in time remaining of the Summer 2005, with the parents placing the Student in the summer placement of their choosing and the district providing itinerant services and paying for the itinerant services;

8) District to reimburse parent the sum of parent's out-of-pocket costs for up to 15 hours of psychological counseling services provided to Student by Richard Kurtz;

9) Parents to be reimbursed out-of-pocket tuition payments made to Sylvan Learning Center on Student's behalf beginning May 1, 2005 and any further tuition costs incurred until the development of Student's new IEP;

10) Student will be provided 150 hours of compensatory education;

Amended Complaint and Fees Petition                                    Page 4 of 7
C.S. v. Anchorage School District

11) Highland Tech High School to translate Student's work during the 2003-2004 school year outside of Highland Tech High School to reflect Highland Tech High School performance levels and standard, in addition to translating compensatory education hours from Sylvan Learning Center during summer 2004 and provide Parent with a written explanation of how Student's work outside of Highland Tech High School has been translated into Highland Tech High School performance levels and standards.

13. Following the hearing at the request of ASD, IHO Cerro convened the parties to discuss implementation of her order. **Ex. C**.

14. ASD did not appeal DEED No. 05-13.

15. ASD has violated the IDEA and the rights of C.S., C.S. substantially prevailed before the IHO, and therefore is responsible for DLC's attorneys' fees. 20 U.S.C. §1415(G).

16. On November 18, 2005, DLC requested that ASD pay attorneys fees for 59.98 hours and partial costs DLC had incurred in this case in the amount of $12,312.34. **Ex. D.**

17. DLC's attorney fees in this matter are $12,555.15. A statement of fees and costs is attached as **Ex. E**. The total number of hours expended on this case is just 61.06 hours, which include 1.03 hours of advocate/paralegal time and 7.42 hours of law clerk time. Further, DLC has not made a claim for the time it spent working on certain matters which included the joint hearing request, the motion

to dismiss and the prehearing that involved both N.S. and C.S. **Ex. F**.

18. Counsel made effort to resolve the issue of attorneys' fees without the necessity of filing this complaint and fees petition but without success. **Ex. D**.

19. The research and drafting of this complaint has been efficient and was prepared by a new staff attorney to keep fees as low as possible. Counsel herein requests two additional hours at $100.00 per hour ($200.00) for this work, and reimbursement of the filing fee paid in this matter, in addition to any reasonable attorneys' fees and costs necessary to litigate this matter. No fees are charged for this first amended complaint to correct certain errors or for lead counsel's review of the first amended complaint.

## CLAIM FOR RELIEF

WHEREFORE, pursuant to this Court's authority and jurisdiction under §20 U.S.C. §1415, and specifically §1415(i)(3), DLC hereby requests that the Court:

1. The fees and costs incurred by DLC to protect the federal educational rights of C.S., in the amount of $12,555.15.

2. Attorney fees for the drafting of this complaint, and reasonable attorneys' fees and costs in the pursuit of this action.

Dated: December 1, 2005

Meg K. Allison, 0511091
Disability Law Center of Alaska

Sonja D. Kerr, 0409051
Disability Law Center of Alaska

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

Amended Complaint and Fees Petition                      Page 6 of 7
C.S. v. Anchorage School District

Certificate of Service
I hereby certify that on the 1st day of December 2005, a true and correct copy of this document was served by fax and mail on:
Bradley Owens
Jermain Dunnagan & Owens, PC

3000 A Street, Suite 300
Anchorage, AK 99503

_____
Meg Allison

**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002      Fax 907-565-1000
1-800-478-1234